UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN P. MIRE                                                          CIVIL ACTION

VERSUS                                                                 NO: 24-2352

VECTOR DISEASE CONTROL
INTERNATIONAL ET AL.                                                   SECTION: "J"(4)

### ORDER AND REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 17)** filed by Defendant Arch Insurance Company, and an opposition filed by Plaintiff Glenn P. Mire (Rec. Doc. 18), to which Arch replies (Rec. Doc. 19). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This case arises from injuries caused by a traffic accident between Plaintiff and Malcolm Jacob, an insured motorist who rear-ended Plaintiff at a red light. At the time of the accident, Plaintiff was driving a vehicle owned by his employer Vector Disease Control International, LLC and insured by Arch. Contending that Jacob's policy-limited payments were insufficient to cover his bodily injuries, Plaintiff filed this action for uninsured/underinsured ("UM/UIM") insurance coverage against Arch and Vector in the Twenty-Third Judicial District for the Parish of St. James. Defendants timely removed the action pursuant to federal diversity jurisdiction of 28 U.S.C. § 1332.

1

In their Notice of Removal, Defendants provide that Vector is a limited liability company wholly owned by Vector Disease Acquisitions, LLC, which in turn is wholly owned by Rentokil North America, Inc. (Rec. Doc. 5 at 6 ¶ 16). Following removal, Vector moved for its dismissal because Plaintiff's claim is for insurance coverage, which is properly made against an insurance company, and is otherwise barred against Vector, which is Plaintiff's employer and, therefore, subject to the Louisiana Workers' Compensation Act. The Court granted the motion to dismiss as unopposed.

Remaining Defendant Arch now moves for summary judgment due to a waiver of UM/UIM coverage in the policy at issue. Plaintiff opposes, contending the existence of a material fact as to the authority of Rentokil's risk manager to waive such coverage.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Parties do not disagree that UM/UIM coverage can be rejected under Louisiana law and that Rentokil Risk Manager Kathy Green's electronic signature and initials

are on Louisiana's standard Uninsured/Underinsured Motorist Bodily Injury Coverage Form. (*See* Rec. Doc. 17-5 at 592 (waiver)). Nonetheless, Plaintiff questions the validity of the waiver on two grounds.

First, in a passing, undeveloped argument, Plaintiff insinuates the form at issue could be a forgery: "[A]nyone could place her initials on the document and Arch Insurance Company could have done that and not Kathy Green." (Rec. Doc. 18 at 2). This unsupported theory, however, falls short of overcoming Louisiana's presumption of coverage rejection: "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage." La. Stat. Ann. § 22:1295. Green's UM coverage waiver complies with "six tasks" necessary for a properly completed form. *See Duncan v. U.S.A.A. Ins. Co.*, 2006-363 (La. 11/29/06), 950 So. 2d 544, 551 ((1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date). Moreover, in an affidavit attached to Arch's motion, Green states "she executed and initialed said form on September 16, 2022 . . . and she filled in the date and printed her name on the form[.]" (Rec. Doc. 17-6 at 1–2). Green further asserts she had the authority to reject such coverage in her role as risk manager. *Id.* The Louisiana Supreme Court has held that affidavit evidence can support a properly completed form at the summary judgment stage. *See Gunter v.*

*State Farm Mut. Auto. Ins. Co.*, 2012-0562 (La. 5/4/12), 88 So. 3d 444, 445. Plaintiff's conclusory argument does nothing to undermine the properly completed form.

Second, and more substantively, Plaintiff contends Green could only act on behalf of Rentokil if she had received formal authorization from its Board of Directors. In November 2024, Plaintiff contends he requested production of such a resolution but had not received a copy of an authorizing document.[1] Continuing this line of argument, Plaintiff insists a genuine issue of material fact exists as to Green's authority to execute the waiver.

Plaintiff's contention is meritless. From the broadest scope, as Rentokil's risk manager, Green would have the authority to bind the corporation with regard to third-party insurance coverage even if she were not so empowered. *See Tedesco v. Gentry Dev., Inc.*, 540 So. 2d 960, 962–63 (La. 1989) (discussing apparent authority of a corporate employee). This Court, however, need not extend the jurisprudential search so widely because the Louisiana Supreme Court has repeatedly addressed the very situation of authority to waive UM/UIM coverage. And in consideration of this Louisiana law issue, the Court properly looks to the Louisiana Supreme Court for guidance. *See Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th. Cir. 2000). Put simply, without written delegation or Board resolution, a corporation's authorized agent or employee can execute a UM/UIM waiver.[2] *See, e.g., Havard v.*

---

[1] In its reply, Arch counters that it received no such request for production. (Rec. Doc. 19 at 1–2).

[2] Curiously, Plaintiff directly rejects Louisiana Supreme Court jurisprudence on this issue. (Rec. Doc. 18 at 4). Instead, Plaintiff insists the state high court "apparently doesn't understand" how corporations act, citing the Louisiana Revised Statues chapter on nonprofit corporation law for support. Assuredly, a corporation "only acts through its officers, employees, and other agents." *Kevin Assocs., L.L.C. v. Crawford*, 2003-0211 (La. 1/30/04), 865 So. 2d 34, 41; *see also* La. Stat. Ann. § 12:1-302(11) ("Unless its articles of incorporation provide otherwise, every corporation has perpetual

5

*Jeanlouis*, 2021-00810 (La. 6/29/22), 345 So. 3d 1005, 1007 ("The legal representative does not need prior written authority to sign on behalf of the corporate insured—such authority may be verbal and subsequently established by affidavit."); *Voinche v. Capps*, 2014-1498 (La. 10/24/14), 150 So. 3d 297, 298 (employee effectively waived coverage, as confirmed in affidavit); *Harper v. Direct General Insurance Co. of Louisiana,* 08–2874 at p. 3 (La. 2/13/09), 2 So. 3d 418, 420 ("Liberty Mutual has further established through an unrefuted affidavit that Mr. Jenchel is the Director of Risk Management for Sears, and was authorized to reject UM coverage on behalf of Sears."); *Gunter*, 88 So. 3d at 445 ("[A]ffidavit testimony of the executive officer acknowledging his signature on the rejection form and his authority to execute such a form was sufficient proof of his authorization.").

On the other hand, the Louisiana Supreme Court has demanded greater scrutiny where the signatory has admitted to not having signed the waiver, but to allowing another employee to affix his signature. *Havard*, 345 So. 3d 1005 (secretary's stamping of owner's signature on coverage waiver unauthorized without written conferral of authority). Such is not the situation here, as Green admits to signing the waiver herself, acting within her authority as Rentokil's risk manager. In the face of a properly completed form, Plaintiff fails to rebut the legislative presumption that Rentokil's knowingly waived UM/UIM coverage through its risk manager. Put

---

duration and has the power to do all things necessary or convenient to carry out its business and affairs, including without limitation power to do any of the following . . . [e]lect directors and appoint officers, employees, and agents of the corporation, define their duties[.]" Legislation does not provide a specific form for the establishment of employee duties, oversight, and authority. Job titles and tasks, moreover, help clarify an employee's role in carrying out the corporation's affairs. *See Doe v. Parauka*, 97-2434 (La. 7/8/98), 714 So. 2d 701, 705.

6

another way, no genuine issue of material fact exists as to the waiver at issue.

## CONCLUSION

**IT IS HEREBY ORDERED** that Arch's *Motion for Summary Judgment* **(Rec. Doc. 17)** is **GRANTED**.

New Orleans, Louisiana, this 8th day of January, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE